UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FREDERICK MEMLEB**                          **CIVIL ACTION**

**VERSUS**                                    **NO. 09-1849**

**ALLSTATE INSURANCE COMPANY**                **SECTION: "C" (3)**

**ORDER & REASONS**

Before the Court is a Motion for Summary Judgment by defendant Allstate Insurance

Company ("Allstate"), a Write-Your-Own ("WYO") Program carrier participating in the U.S.

Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood

Insurance Act of 1968, as amended ("NFIA").[1]  (Rec. Doc. 10).  Plaintiff Frederick Membleb

("Memleb") opposes.  The motion is before the court on the briefs, without oral argument.

Having reviewed the record, memoranda of counsel, and the law, the Court GRANTS the

Motion for the following reasons.

**I.  Background**

Memleb holds a NFIP Standard Flood Insurance Policy ("SFIP") issued by Defendant

Allstate that was in effect at the time of Hurricane Katrina–August 29, 2005.  The policy has

---

[1] 42 U.S.C. §  4001, *et seq.*

1

building limits of $71,500 and contents limits of $6,500. (Rec. Doc. 10-3 at 2).

Pursuant to an "arrangement" with the federal government, *see* 44 C.F.R. Pt. 62, App. , Allstate issued Memleb's SFIP as a WYO program carrier. (Rec. Doc. 10-3 at 2). The policy is the only policy at issue in the instant litigation.

During Hurricane Katrina, Memleb experienced flood damage to his insured property, and filed a claim with Allstate, who adjusted the claim. (Rec. Doc. 10-3 at 2). Allstate determined that Memleb was entitled to $37,780.97 in compensation for his Coverage A building losses and $6,500 for his Coverage B contents losses. (Rec. Doc. 10-3 at 2).

The parties dispute whether additional federal benefits are payable under Memleb's SFIP. (Rec. Doc. 10-3 at 2). It is undisputed that he did not file a Proof of Loss in support of his claims. (Rec. Doc. 10-3 at 2).

## II. Law and Analysis

### a. Standard of Review

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also, Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm*

*Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

### b. Snyder's Claims

Defendants move for summary judgment primarily on the grounds that a Proof of Loss is a prerequisite to recovery from a WYO carrier. (Rec. Doc 10-1 at 3).

Although a SFIP can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury." *Wright v. Allstate Ins. Co.* (*Wright I*), 415 F.3d 384, 386 (5th Cir.2005); *see Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998). Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. *Wright I*, 415 F.3d at 387;

*Gowland*, 143 F.3d at 954; *Hamide v. Omaha Prop. & Cas. Ins. Co*., No. Civ.A. 03-1405, 2004 WL 74316, at *2 (E.D.La. Jan. 14, 2004) (Fallon, J.) ("Failure to [strictly] construe runs afoul of the Appropriations Clause of the United States Constitution."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" *Wright I*, 415 F.3d at 387 (quoting *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Id*. at 388 (citing *Heckler v. Cmty. Health Servs. of Crawford County, Inc*., 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

Under an SFIP, compliance with the policy is required before a suit can be initiated. 44 C.F.R. § 61 App. A(1), Art. VII(R). This includes the proof of loss requirement. *See Marseilles Homeowners Condominium Ass'n Inc. V. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008). This is a strict requirement. *Id.* at 1056.

In opposing Allstate's motion, Memleb first argues that Allstate can grant a waiver of the proof of loss requirement, and therefore summary judgment is inappropriate. (Rec. Doc. 12-2 at 2). He cites *Spano v. Liberty Mutual Insurance Co.*, E.D.La Case No. 06-4633, a case with no rulings by the court, and *Pecarovich v. ANPAC Insurance Co.*, 309 F.3d 652 (9th Cir. 2002), a Ninth Circuit case, for support. However, this argument is foreclosed by Fifth Circuit precedent. Even in *Marseilles*, where the WYO carrier's adjuster appeared to explicitly waive the proof of

loss, the court held that a waiver/estoppel argument was precluded by NFIP regulations. 542 F.3d at 1056.

Memleb next asserts that Allstate's alleged "case by case" approach to applying the proof of loss requirement violated his Constitutional due process and equal protection rights. Again, these arguments are foreclosed by precedent. In *Wientjes v. American Bankers Ins. Co. of Florida*, 339 Fed. Appx. 483 (5th Cir. 2009), the plaintiff attempted to bring identical constitutional claims. The court held that they could "find [no legal authority] to support these propositions. The few district courts to have reached similar issues have concluded that the proof-of-loss requirement did not violate the constitutional rights of the insured." *Id.* at 485, *citing Dupuy v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 07-4661, 2009 WL 82555, at *3 n. 5 (E.D.La. Jan.12, 2009); *Howell v. State Farm Ins. Cos*., 540 F.Supp.2d 621, 633 (D.Md.2008); *Schumitzki v. Dir., FEMA*, 656 F.Supp. 430, 433 (D.N.J.1987). The instant case presents no justification for departing from this reasoning.

Accordingly,

IT IS ORDERED that Allstate's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 29th day of March, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE